**U.S. Department of Justice**

United States Attorney
District of Maryland
Northern Division

Rod J. Rosenstein
United States Attorney

P. Michael Cunningham
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4884
MAIN: 410-209-4800
FAX: 410-962-3091
TTY/TDD: 410-962-4462
michael.cunningham@usdoj.gov

March 29, 2010

<u>via email and hardcopy</u>

David W. Fischer, Esq.
Fischer & Putzi, P.A.
Suite 300, Empire Towers
7310 Ritchie Highway
Glen Burnie, Maryland 21061

  Re: United States v. Nathan M. Sayre, Criminal # 10-0187

Dear Mr. Fischer:

  This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by April 12, 2010, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

  1. The Defendant agrees to waive indictment and plead guilty to a Criminal Information charging him with possession of material containing images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

  2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    a. First, that on or about the dates charged in the Information, the Defendant

knowingly possessed visual depictions of sexually explicit conduct;

      b.      Second, that the Defendant knew that the production of the visual depictions involved the use of minors engaging in sexually explicit conduct, and knew that the visual depictions were of such conduct; and

      c.      Third, that the visual depictions were mailed, shipped or transported in interstate or foreign commerce or produced using materials that had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer..

## Penalties

3.    a.    The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: a maximum of ten (10) years' imprisonment, a $250,000 fine and supervised release for life. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

      b.    The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA),[2] and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

---

[1]    Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

[2] See the Adam Walsh Child Protection and Safety Act of 2006 (Walsh Act), P.L. 109-248, enacted July 27, 2006.

Revised 11/5/09          2

     a.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

     b.    The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

     c.    If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

     d.    The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

     e.    If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

     f.    By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

     g.    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

     h.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

## Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

   a. The base offense level is eighteen (18) pursuant to U.S.S.G. § 2G2.2(a)(1). Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the material involved a prepubescent minor. Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the possession involved the use of a computer. Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a five (5) level increase because the offense involved more than 600 images. The resulting offense level is **27**.

   b. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about his involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw his plea of guilty. The resulting sentencing guidelines offense level is **twenty-four (24).**

   c. The Defendant made a good faith attempt to provide some assistance to law enforcement when he was confronted with the allegations against him. Due to circumstances beyond his control, this assistance did not succeed in identifying other people trading in child pornography on the internet. However, because of the Defendant's attempt, this Office will make a motion, pursuant to U.S.S.G. § 5K1.1 requesting a downward departure of one (1) level, which the Defendant agrees is appropriate.

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career

offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range and application of the 18 U.S.C. § 3553(a) factors, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Obligations of the United States Attorney's Office

9. At the time of sentencing, this Office will recommend a reasonable sentence in accordance with 18 U.S.C. § 3553.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Forfeiture

11. The defendant understands that the court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. Specifically, the court will order the forfeiture of any and all computers and related hardware and software used in the acquisition, retention, storage or use of child pornography, including but not limited to the following: _[insert here all computers, peripherals and other property tied to acquisition and retention of child pornography that were seized by law enforcement]_ consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### Assisting the Government with Regard to the Forfeiture

12. The defendant agrees to assist fully in the forfeiture of the foregoing assets. The defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

### Waiver of Further Review of Forfeiture

13. The defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

### Waiver of Appeal

14. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **the high end of the range corresponding to offense level 23 and the Defendant's criminal history** (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **the low end of the range corresponding to offense level 23 and the Defendant's criminal history** months' imprisonment.

    c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Court Not a Party

15. The Defendant expressly understands that the Court is not a party to this agreement.

The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C).

## Agreement Does Not Cover Production of Child Pornography Or Sexual Activity with a Minor

16.     The parties agree and understand that this plea agreement is being entered into prior to a full and complete forensic examination of the Defendant's computer(s) and other electronic media. Should such examination result in evidence that the Defendant was involved in the production of child pornography or any sexual activity with a child, this Agreement would not prevent the United States in any way from prosecuting said offenses.

## Entire Agreement

17.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Addendum, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and addendum and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
P. Michael Cunningham
Assistant United States Attorney

7

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_4/08/10_                        _Nathan Sayre_
Date                                    Nathan M. Sayre

I am Nathan M. Sayre's attorney. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_4/08/10_                        _[signature]_
Date                                      David W. Fischer, Esquire

**EXHIBIT A**
**STIPULATED FACTS**

The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.

Nathan M. Sayre, age 22, is a resident of Millersville, Maryland, where he lived with his family since he was 9. Mr. Sayre has actively engaged in the exchange and collection of pornography, including child pornography, as that term is defined at 18 U.S.C. § 2256(8).

During a 2008 investigation into the possession and distribution of child pornography by Virginia resident, Erick Cortez, investigators discovered that Cortez exchanged emails and child pornography with an individual with the email address ballgags4boys@gmail.com. The investigation revealed that this email account was used at an Internet Protocol address assigned by an Internet Service Provider to the location where Mr. Sayre lived. Investigators obtained a warrant to search that location, where they seized computers and computer peripherals along.

In conjunction with the search of his residence, Mr. Sayre was interviewed about his suspected possession of child pornography. Although initially denying any complicity with such conduct, Mr. Sayre eventually admitted that he had loaded different applications on his computer that allowed him to exchange files with other internet users; that for a number of years he had accessed websites at which he could obtain, and did obtain child pornography, and that he had acquired child pornography through file sharing programs from other internet users. Mr. Sayre stated that in the past he attempted to obtain professional medical assistance to deal with his

attraction to child pornography and, at different times felt he had his obsession under control. Nonetheless, he still acquired and saved images, including pornographic images of young boys between the ages of 8 and 13. Mr. Sayre estimated that he had in excess of 20,000 individual files and about 100 videos, half of which contained illegal images.

At all relevant times, the images referenced above depicted "sexually explicit" conduct within the meaning of Title 18, United States Code, Section 2256(2) (A). Furthermore, at all relevant times, at least one individual depicted in the above-referenced images was a minor within the meaning of Title 18, United States Code, Section 2256(1).

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

4/08/10
Date

Nathan M. Sayre
Defendant

4/08/10
Date

David W. Fischer, Esquire
Defendant's Counsel